Karen E. Ford Esq.
SW Ocean Ave & Mission, Suite 208
P.O. Box 287
Carmel-by-the-Sea, California 93921-0287
831-250-6433
Fax 831-250-6844
karen@fordslaw.com
SBN 88358
Attorney for Plaintiff Peter Siegel

# United States District Court
# Northern District of California

| | |
|---|---|
| Peter Siegel,               ) | Case No: 5:12-cv-03787 HRL_____ |
|                             ) | |
|         Plaintiff,          ) | **MOTION TO STRIKE EVIDENCE** |
|                             ) | **SUBMITTED IN SUPPORT OF MOTION** |
|     vs.                     ) | **FOR SUMMARY JUDGEMENT FILED** |
|                             ) | **BY DEFENDANT HEWLETT PACKARD** |
| Hewlett-Packard Company,    ) | |
|                             ) | |
|         Defendant           ) | |

Plaintiff Peter Siegel (Plaintiff or Siegel) hereby moves that the court strike certain of the evidence proffered by Defendant Hewlett Packard Company (HP) in support of its motion for summary judgment. A summary judgment motion must be based on admissible evidence. Fed. R. Civ. P. 56(e); *Goldstein v. Sillen*, 2011 U.S. Dist. LEXIS 35906; *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002); *Volterra Semiconductor Corp. v. Primarion, Inc.*, 796 F. Supp. 2d 1025,1037.  A proper foundation must also be provided.  See, e.g. *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001); *De La Torre v. Merck Enters.*, 540 F. Supp. 2d 1066, 1075.  See also, *Kesey, LLC v. Francis*, 2009 U.S. Dist. LEXIS 28078 (evidence must be sufficiently reliable before the court will consider it and the authentication requirement is not merely a pro forma concept).  Declarations in support of an MSJ must be based on admissible evidence and must contain sufficient information from which to determine the basis for the knowledge the witness claims to have.  See, e.g. *Carmen v. San Francisco Unified Sch.*

*Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001); *Jones v. Beverly Hills Unified Sch. Dist.*, 2011 U.S. Dist. LEXIS 64497; *Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*, 2008 U.S. Dist. LEXIS 71761.

In this case the declarations fail this test. Moreover all the declarations attach exhibits which are partial at best and have substantial redactions. Partial documents are not admissible. HP would have to present entire documents as exhibits. Accordingly, these exhibits must be stricken and disregarded by the court.

I.      Declaration of Peter Sales and Exhibits

HP relies on the Declaration of Peter Sales and exhibits (Exhibits A, B, C, D) attached to it. Mr. Sales states that he is an employee of a different company, HP Limited, and yet claims personal knowledge of the financial operation of HP Enterprise Services Limited UK. The exhibits must be stricken because they are not complete documents. They appear to be only partial pages of much larger documents and are so heavily redacted as to be completely useless. As the documents are not complete they cannot be admitted as evidence. See, e.g. *Barlow v. Connecticut*, 319 F. Supp. 2d 250, 257; *Spector v. Experian Info. Servs.*, 321 F. Supp. 2d 348, 352. In addition, his declaration does not include sufficient facts to establish why he, as an employee of a different company, would have first had knowledge of the financial operation of HP Enterprise Services Limited UK.[1] Thus, his declaration and the exhibits attached to that declaration should be struck.

II.     Declaration of Peter Wildish and Exhibit

HP relies on the Declaration of Peter Wildish who states he is an employee of HP Limited (not a party to this action) working on real estate matters. Mr. Wildish's declaration must be stricken by the court and disregarded because the declaration fails to set out sufficient facts to establish the basis for his knowledge of HP Enterprise Services Limited UK's real estate

---

[1] It is Plaintiff's belief that he and the other witnesses may well be able to provide facts to show why they have personal, firsthand knowledge of the financial operation of HP Enterprise Services Limited UK but cannot do so without further proving Plaintiff's claim that the finances of HP Enterprise Services Limited UK are in fact maintained and controlled by the parent company. However, as written, these declarations must be stricken and disregarded by the Court.

holdings. Thus, there is insufficient foundation for his asserted statements concerning the real estate holdings of HP Enterprise Services Limited UK. In addition, he attaches as an exhibit (Exhibit A) a single page of a lease. This exhibit must be stricken as it is just a part of a larger document. The entire document must be provided for the exhibit to be admissible. Thus, the declaration and attached exhibit should be struck.

III.     Declaration of Marion Johnson and Exhibits

The declaration of Marion Johnson includes statements concerning the corporate structure of HP. She makes broad generalized statements to the effect that HP has many corporate entities and a complex structure between HP Enterprise Services Limited UK and Hewlett Packard Company, the named defendant in this action. However, the attorneys for HP have represented that they will not rely on the existence of such other entities as a basis for the MSJ. Further, as set out in the Declarations of Karen Ford in support of the Motion to Continue and in support of the opposition to the MSJ, HP has refused to provide any discovery concerning the corporate structure. They failed and refused to produce even an organizational chart. Having denied Plaintiff discovery on this point and having promised not to rely on the elaborate corporate structure HP should not be permitted to rely on these statements about the other entities in the corporate structure contained in the Johnson Declaration. The Motion itself makes no mention of any corporate entities other than Hewlett Packard Company and HP Enterprise Services Limited, UK. Accordingly HP should not be permitted to rely on such facts in reply. The exhibits (Exhibits A, B, C, D) to the Johnson declaration are clearly part of a large document or drawn from a database. There is insufficient foundation for these exhibits and they must be stricken and disregarded by the Court.

IV.     Declaration of Yvonne Ben Fredj and Exhibits

The Ben Fredj declaration is filled with broad conclusory statements rather than specific facts. These cannot form the basis for an MSJ. See, e.g. *Barlow v. Connecticut*, 319 F. Supp. 2d 250, 257; *Shakur v. Schriro*, 514 F.3d 878, 890 (9th Cir. 2008); *Spector v. Experian Info. Servs.*, 321 F. Supp. 2d 348, 352. As to many of these statements there is absolutely no basis for her knowledge and it appears unlikely that she has such knowledge. She worked in HR not

operations. She was not involved in Mr. Siegel's HR situation until the last three months of his employment at HP. She would have no knowledge of the events and decisions sued upon from 2009 and 2010 .  Indeed, her generalizations are refuted by specific evidence offered by Plaintiff. (See Declaration of Peter Siegel and exhibits thereto) For example, she states "No Hewlett-Packard Company employees were involved in the day-to-day operations of HPES UK Ltd. or EDS Ltd." Her declaration states no basis for such a broad statement. There is no basis in the declaration to show why she would know anything about day to day operations and no knowledge to support the broad conclusory statement that no supervision of day to day operations by managers outside of HP Enterprise Services UK Ltd. ever occurred.

Furthermore, evidence presented in support of a motion for summary judgment must be based on personal knowledge. Fed. R. Civ. P. 56(e); *Kesey, LLC v. Francis*, 2009 U.S. Dist. LEXIS 28078; *Smith v. Pac. Bell Tel. Co.*, 649 F. Supp. 2d 1073, 1087 (E.D. Cal.2009).  Ben Fredj does not have any basis for knowing the details of every day to day operation of every aspect of HP Enterprise Services Limited UK. Moreover,  it appears show is simply wrong.  The detailed facts set out in the Declaration of Peter Siegel filed herewith and the e mails and other exhibits  attached to that declaration establish that employees outside HP Enterprise Services were directly involved in day to day operations and in the decisions with respect to Mr. Siegel himself.

Similarly she stated, inaccurately and with no foundation that no manager from any other entity had any involvement in decisions concerning Plaintiff Siegel. This is directly refuted by the Siegel Declaration. In addition, exhibits to the Siegel declaration prove that this statement is inaccurate. It is undeniable that removal of his home office equipment and connectivity, rejection of his appeal on the grounds of his injury, his removal from the Aviva account, his brief improper reclassification as being on leave, the consideration and ultimate rejection of his efforts to be transferred to another position, the response to his injury and to his requests for evaluation by occupational health all involved others outside HP Enterprise Services UK Ltd. . Therefore, based on the broad generalizations and lack of personal knowledge in Ben Fredj's declaration, Plaintiff respectfully requests the court disregard her declaration in its entirety. In addition, the

attached exhibit (Exhibit A) to the Ben Fredj declaration is clearly part of a larger email chain and is thus incomplete. The entire document must be provided for the exhibit to be admissible. Thus, the declaration and attached exhibit should be stricken.

Respectfully submitted,

Dated this 7th _day of August, 2013

                 /s/
                Karen E. Ford Esq.
                Attorney for Plaintiff