```
MORGAN, LEWIS & BOCKIUS LLP
MELINDA S. RIECHERT, State Bar No. 65504
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306
Tel:    650.843.4000
Fax:    650.843.4001
mriechert@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
ADELMISE ROSEMÉ WARNER, State Bar No. 215385
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:    415.442.1000
Fax:    415.442.1001
adelmise.warner@morganlewis.com


Attorneys for Defendant
HEWLETT-PACKARD COMPANY
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER SIEGEL,<br><br>                    Plaintiff,<br><br>          vs.<br><br>HEWLETT-PACKARD COMPANY,<br><br>                    Defendant. | Case No. CV 12-03787 HRL<br><br>**RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSION, SET ONE** |

PROPOUNDING PARTY:      Plaintiff PETER SIEGEL

RESPONDING PARTY:       Defendant HEWLETT-PACKARD COMPANY

SET NO.:                One

      Defendant Hewlett-Packard Company ("Defendant" or "HP") responds to Plaintiff Peter Siegel's ("Plaintiff" or "Siegel") Request for Admissions, Set One, as follows:

## **GENERAL OBJECTIONS**

      In addition to specific objections set forth below, Defendant asserts the following General Objections:

1. Defendant objects to these Requests to the extent that they seek information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

2. Defendant objects to each Request to the extent that it seeks information that cannot be disclosed without violating the right to privacy of Defendant, its agents, and/or employees, and/or any other person or entity that is otherwise privileged or immune from discovery.

3. Defendant objects to each Request to the extent that it calls for disclosure of confidential information, including, but not limited to, commercial, financial, or other trade secret information.

4. Defendant objects to these Requests to the extent that they seek information for a time period that is overly broad and/or encompasses dates irrelevant to this action, until such time as Plaintiff or other party demonstrates the relevance of the specified time period.

5. Defendant's Responses to these Requests are not admissions that such information is relevant or admissible evidence. Defendant reserves the right to object to the admission of such information on any grounds at time of trial.

6. Defendant objects to these Requests to the extent that they attempt to impose response obligations beyond those imposed by law.

Subject to, and without waiving, any of the foregoing objections, Defendant responds as follows

**RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**

Admit that the document attached hereto as Exhibit A is a true and correct copy of a report filed with the government of the United Kingdom by HP Enterprise Services Limited UK concerning 2009.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Admitted.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

**REQUEST FOR ADMISSION NO. 2:**

Admit that the document attached hereto as Exhibit B is a true and correct copy of a report filed the government of the United Kingdom by HP Enterprise Services Limited UK concerning 2010.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Admitted.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the document attached hereto as Exhibit C is a true and correct copy of a report filed the government of the United Kingdom by HP Enterprise Services Limited UK concerning 2011.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Admitted.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the document attached hereto as Exhibit D is a true and correct copy of a document filed with the government of the United Kingdom by HP Enterprise Services Limited UK concerning a resolution passed in November of 2011.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Admitted.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the document attached hereto as Exhibit E is a true and correct copy of a document filed with the government of the United Kingdom by Electronic Data Systems Limited.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Admitted.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the document attached hereto as Exhibit F is a true and correct copy of a report filed the government of the United Kingdom by Electronic Data Systems Limited concerning 2007.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Admitted.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the document attached hereto as Exhibit G is a true and correct copy of a report filed the government of the United Kingdom by Electronic Data Systems Limited concerning 2008.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Admitted.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the document attached hereto as Exhibit H is a true and correct copy of PowerPoint slides that accompanied a presentation by Mark Hurd, a manager or executive of Hewlett Packard Company, made in or about the date listed in the Exhibit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Admitted.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the document attached hereto as Exhibit I is a true and correct copy of PowerPoint slides that accompanied a presentation given by Cathy Lesjak, a manager or executive of Hewlett Packard Company made on or about the date listed in the Exhibit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Admitted.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the document attached hereto as Exhibit J is a true and correct copy of PowerPoint slides that accompanied a presentation given by Shane Robinson, a manager or executive of Hewlett Packard Company made on or about the date listed in the Exhibit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Admitted.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the document attached hereto as Exhibit K is a true and correct copy of

PowerPoint slides that accompanied a presentation given by Joe Eazor, a manager or executive of Hewlett Packard Company made on or about the date listed in the Exhibit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Admitted.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the document attached hereto as Exhibit L is a true and correct copy of a press release by HP dated February 12, 2010.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Admitted.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the terms "HP Enterprise Services" and "Enterprise Services" as used in Exhibit L refer to the entire Enterprise Services business group within HP and does not exclusively refer to the subsidiary named HP Enterprise Services Limited UK.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Admitted.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the document attached hereto as Exhibit M is a true and correct copy of the final transcript prepared by HP of a meeting conducted by HP executives on or about September 15, 2008.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Admitted.

**REQUEST FOR ADMISSION NO. 15:**

Admit that Hewlett Packard Limited is a subsidiary of HP and that it is wholly owned by HP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

HP Admits that Hewlett Packard Limited is a subsidiary of HP, and is ultimately wholly-owned by HP.

**REQUEST FOR ADMISSION NO. 16:**

Admit that the document attached hereto as Exhibit N is a true and correct copy of an annual report file with the government of the United Kingdom by Hewlett Packard Limited, concerning the year 2008.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Admitted.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the document attached hereto as Exhibit O is a true and correct copy of a form filed with the government of the United Kingdom by Hewlett Packard Limited.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Admitted.

**REQUEST FOR ADMISSION NO. 18:**

Admit that the document attached hereto as Exhibit P is a true and correct copy of Articles of Association filed with the government of the United Kingdom by Hewlett Packard Limited.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Admitted.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the document attached hereto as Exhibit Q is a true and correct copy of an annual report file with the government of the United Kingdom by Hewlett Packard Limited, concerning the year 2009.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Admitted.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the document attached hereto as Exhibit R is a true and correct copy of an annual report file with the government of the United Kingdom by Hewlett Packard Limited, concerning the year 2010.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Admitted.

**REQUEST FOR ADMISSION NO. 21:**

Admit that the document attached hereto as Exhibit S is a true and correct copy of an annual report file with the government of the United Kingdom by Hewlett Packard Limited, concerning the year 2011.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Admitted.

**REQUEST FOR ADMISSION NO. 22:**

Admit that the figures stated for numbers of employees in the annual reports for Hewlett Packard Company (HP's document production by bates number: "We had approximately 321,000 employees worldwide as of October 31, 2008." HP-000397 "We had approximately 304,000 employees worldwide as of October 31, 2009." HP-000583 "We had approximately 324,600 employees worldwide as of October 31, 2010." HP-000769 "We had approximately 349,600 employees worldwide as of October 31, 2011." HP-000949 "We had approximately 331,800 employees worldwide as of October 31, 2012." HP-001124) include the employees of its wholly owned subsidiaries including HP Enterprise Services Limited UK and its predecessor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

HP objects that the Request is vague and ambiguous as to the term "and its predecessor." Subject to and notwithstanding this objection, HP admits that the numbers referenced in Request No. 22 include HP Enterprise Services Limited UK employees.

**REQUEST FOR ADMISSION NO. 23:**

Admit that the consolidated financial figures stated in the annual reports for Hewlett Packard Company from 2008 to the present include the income and expenses of subsidiaries including HP Enterprise Services Limited UK and its predecessor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

HP objects that the Request is vague and ambiguous as to the term "and its predecessor." HP admits that the annual reports state "The consolidated financial statements include the accounts of Hewlett-Packard Company, its wholly-owned subsidiaries and its controlled majority-owned subsidiaries (collectively, 'HP')" which would include HP Enterprise Services Limited

UK.

**REQUEST FOR ADMISSION NO. 24:**

Admit that the document attached hereto as Exhibit T is a true and correct copy of a Hewlett Packard Company press release from HP dated August 26, 2008.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Admitted.

**REQUEST FOR ADMISSION NO. 25:**

Admit that the document attached hereto as Exhibit U is a true and correct copy of a Hewlett Packard Company press release dated September 15, 2008.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Admitted.

**REQUEST FOR ADMISSION NO. 26:**

Admit that the documents attached hereto as Exhibit V are true and correct copies of job applicant pages from the Hewlett Packard Company website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Admitted.

**REQUEST FOR ADMISSION NO. 27:**

Admit that the document attached hereto as Exhibit W is a true and correct copy of a job listing for a position in the UK posted on the Hewlett Packard Company website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Admitted.

**REQUEST FOR ADMISSION NO. 28:**

Admit that the document attached hereto as Exhibit X is a true and correct copy of the Hewlett Packard Employee Stock Option Plan as submitted to the Luxembourg Bourse.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Admitted.

**REQUEST FOR ADMISSION NO. 29:**

Admit that there is an American Express global log on page for Hewlett Packard

Company employees and employees of HP subsidiaries.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Admitted.

**REQUEST FOR ADMISSION NO. 30:**

Admit that the document attached hereto as Exhibit Y is a true and correct copy of the American Express global log on page for Hewlett Packard employees.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Admitted.

**REQUEST FOR ADMISSION NO. 31:**

Admit that the document attached hereto as Exhibit Z is a true and correct copy of a Notice of Optional Redemption filed with the government of the UK by HP listing the address of the property on Cain Road, Amen Comer, Bracknell, Berkshire, RG12 IHN, where the offices of HP Enterprise Services Limited UK are located, as the office of Hewlett Packard Holdings Limited.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Admitted.

**REQUEST FOR ADMISSION NO. 32:**

Admit that Hewlett Packard Limited is the rate payer for the property on Cain Road, Amen Comer, Bracknell, Berkshire, RG12 IHN where HP Enterprise Services Limited UK has its offices.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Admitted.

**REQUEST FOR ADMISSION NO. 33:**

Admit that only Hewlett Packard Limited is a rate payer for the property on Cain Road, Amen Comer, Bracknell, Berkshire, RG12 IHN, where HP Enterprise Services Limited UK has its offices.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Admitted.

RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSION, SET ONE

**REQUEST FOR ADMISSION NO. 34:**

Admit that the document attached hereto as Exhibit AA is a true and correct copy of the 2008 annual report filed with the UK government by Hewlett Packard Holdings Limited.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Admitted.

**REQUEST FOR ADMISSION NO. 35:**

Admit that the document attached hereto as Exhibit BB is a true and correct copy of the 2008 annual report filed with the UK government by Hewlett Packard Holdings Limited.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Admitted.

**REQUEST FOR ADMISSION NO. 36:**

Admit that the document attached hereto as Exhibit CC is a true and correct copy of the land registry for the property on Cain Road, Amen Comer, Bracknell, Berkshire, RG12 IHN, where HP Enterprise Services Limited UK has its offices.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Admitted.

**REQUEST FOR ADMISSION NO. 37:**

Admit that the document attached hereto as Exhibit DD is a true and correct copy of a Hewlett Packard press release dated September 23, 2009.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Admitted.

**REQUEST FOR ADMISSION NO. 38:**

Admit that the document attached hereto as Exhibit EE is a true and correct copy of a Hewlett Packard press release dated March 2, 2009.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Admitted.

**REQUEST FOR ADMISSION NO. 39:**

Admit that when HP acquired EDS, EDS had 139,500 workers and HP had 172,000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

HP admits that at the time of the acquisition, EDS had approximately 140,000 employees and HP had approximately 172,000 employees.

**REQUEST FOR ADMISSION NO. 40:**

Admit that after the acquisition EDS became an HP business unit and was renamed "EDS, an HP company".

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Admitted.

**REQUEST FOR ADMISSION NO. 41:**

Admit that immediately after the acquisition Ronald A. Rittenmeyer, EDS Chairman, President, and CEO, remained as the head of EDS, an HP Company and that he reported to HP CEO Mark Hurd until his retirement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

HP admits that immediately after the acquisition of EDS by HP, Ronald A. Rittenmeyer, EDS Chairman, President, and CEO, remained as the head of EDS, an HP Company and that he reported to HP CEO Mark Hurd until Mr. Rittenmeyer's retirement.

**REQUEST FOR ADMISSION NO. 42:**

Admit that HP Enterprise Services is or at one time was a division, business group or business unit of Hewlett Packard Company.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Admitted.

**REQUEST FOR ADMISSION NO. 43:**

Admit that Mike Nefkens, held the position of Acting Global Enterprise Services Leader.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

HP admits that, from August 8, 2012 to December 4, 2012, Mike Nefkens oversaw the Global Enterprise Services on an acting basis.

**REQUEST FOR ADMISSION NO. 44:**

Admit that the document attached hereto as Exhibit FF is a true and correct copy of a

1 press release by HP concerning the opening of the European Solution Center based on London.

2 **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

3     Admitted.

4 **REQUEST FOR ADMISSION NO. 45:**

5     Admit that the document attached hereto as Exhibit GG is a true and correct copy of a

6 press release by HP dated May 13, 2008.

7 **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

8     Admitted.

9 **REQUEST FOR ADMISSION NO. 46:**

10     Admit that the document attached hereto as Exhibit HH is a true and correct copy of a

11 press release by HP dated December 4, 2012.

12 **RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

13     HP objects on the grounds that Exhibit HH was not attached to Plaintiff's Requests for

14 Admissions. Accordingly, HP cannot admit or deny this Request.

15 **REQUEST FOR ADMISSION NO. 47:**

16     Admit that the document attached hereto as Exhibit II is a true and correct copy of a press

17 release by HP dated June 1, 2010.

18 **RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

19     HP objects on the grounds that Exhibit II was not attached to Plaintiff's Requests for

20 Admissions. Accordingly, HP cannot admit or deny this Request.

21 **REQUEST FOR ADMISSION NO. 48:**

22     Admit that the document attached hereto as Exhibit JJ is a true and correct copy of a press

23 release by HP dated May 30, 2012.

24 //

25 //

26 //

27 //

28 //

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

HP objects on the grounds that Exhibit JJ was not attached to Plaintiff's Requests for Admissions. Accordingly, HP cannot admit or deny this Request.

Dated: August 5, 2013

MORGAN, LEWIS & BOCKIUS LLP
MELINDA S. RIECHERT
ADELMISE ROSEMÉ WARNER

By: /s/ Melinda Riechert / RLJ
MELINDA S. RIECHERT
Attorneys for Defendant
HEWLETT-PACKARD COMPANY

DB2/ 24261142.1