Karen E. Ford Esq.
SW Ocean Ave & Mission, Suite 208
P.O. Box 287
Carmel-by-the-Sea, California 93921-0287
831-250-6433
Fax 831-250-6844
karen@fordslaw.com
SBN 88358
Attorney for Plaintiff Peter Siegel

# United States District Court
# Northern District of California

| | |
|---|---|
| Peter Siegel, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Hewlett-Packard Company, ) <br> ) <br> Defendant ) | Case No: 5:12-cv-03787 HRL <br><br> **DECLARATION OF COUNSEL ISO JOINT STIPULATION TO EXTEND CASE MANAGEMENT DEADLINES** |

**Declaration of Counsel in Support of Stipulation to Extend Case Management Deadlines**

1.  I, Karen E. Ford, am the counsel for Plaintiff Peter Siegel. I make the following declaration under penalty of perjury in support of the instant Stipulation and Proposed Order to Continue Deadlines Set By Case Management Order.

2.  This continuance is sought because both the parties have been unable to conduct any depositions in this matter and because Plaintiff requests additional time to resolve ongoing discovery disputes which have arisen.

3.  Defendant's counsel has communicated to me that Defendant requests this continuance for the following reason: Defendant did not request dates for Plaintiff's deposition until July 2013 because Defendant had hoped for a ruling on its Motion for Summary Judgment, filed in January 2013, to determine whether there was a need for Plaintiff's deposition on the merits. Even though Defendant had agreed to take Plaintiff's deposition in England because he

indicated that due to his health and financial condition, he could not come to California for his deposition, and even though Defendant had duly noticed Plaintiff's deposition, and the parties had agreed to the date for Plaintiff's deposition, Plaintiff's counsel notified counsel for Defendant that Plaintiff would not be able to sit for a deposition even in England due to his health until at least September, long after the discovery cutoff.  If Defendant's Motion for Summary Judgment on whether the Americans with Disabilities Act applies to Defendant, currently set for heating on August 27, 2013, is denied, Defendant intends to file a summary judgment motion on the merits.  Given Plaintiff's inability to be deposed before the discovery cutoff and before deadline for filing the summary judgment motion on the merits, Defendant requests an extension of the discovery cutoff, summary judgment deadline, expert discovery, and pretrial conference, so that it can take Plaintiff's deposition and, if necessary, file a summary judgment motion on the merits.

       4.      Plaintiff does not agree to all the factual assertions made by Defendant in paragraph 3 above. However, he has agreed to extend discovery deadlines as stipulated. In addition, Plaintiff takes the position that HP's delay until July of 2013 to seek a date for Plaintiff's deposition means that it has responsibility for its inability to conduct the Plaintiff's deposition prior to the current close of discovery.  The date selected for the deposition of the Plaintiff was August 16, 2013. This was the first date for his deposition agreed by the parties and no effort was made to schedule his deposition until July 2013. Unfortunately, he is medically now unable to be deposed on the agreed date. His medical problems preventing him from being deposed at this time are related to his brain injury. This is the disability on which this action is based.

       5.      Plaintiff has sought depositions of HP and of certain named witnesses since December of 2012 and yet, despite ongoing efforts on his part, has been unable to conduct those depositions. Plaintiff has maintained for months that he cannot fairly respond to the currently pending motion for summary judgment without taking the requested depositions. He sought depositions beginning in December of 2012 and sent notices of deposition on January 3, 2013. However, he has been unable to schedule any of the requested depositions. Despite repeated

requests for scheduling by Plaintiff, the first dates were offered by HP in response to the notices served on January 3 were in late May and June of 2013. Unfortunately, a family emergency prevented Plaintiff's counsel from being available on those dates. Later, the dates offered by Defendants were either after the deadline for opposition to the Motion for Summary Judgment or so close to the date for opposition that the information or testimony obtained could not be incorporated into the response. The parties are not in agreement as to who is responsible but the fact remains that no depositions noticed by Plaintiff have been taken. At the time that Plaintiff's unavailability became known, Plaintiff and HP were in the process of scheduling the depositions of the HP witnesses in the UK in July and August. Counsel for HP suggested that, as the deposition of the Plaintiff could not be taken until September, all of the depositions of UK witnesses be continued to September. Without waiving any position, Plaintiff agreed.

6. Plaintiff noticed a 30(b)(6) deposition of HP in California starting on July 25, 2013 but HP failed and refused to produce witnesses as noticed because the witnesses it designated all live and work in the UK. Plaintiff takes the position that, as HP designated the 30(b)(6)witnesses, it may not use their location to dictate the location of the depositions. Without waiving their respective positions, the parties have agreed to take the depositions of the witnesses located in the UK, including Plaintiff, in September. Plaintiff has argued in opposition to the motion for summary judgment that the motion is premature and must be denied until discovery can be completed. Assuming the pending motion for summary judgment is denied the HP deposition and the depositions of the named witnesses will be necessary to prepare for trial on the issue of ADA coverage. Moreover, the 30(b)(6) deposition and the depositions of named witnesses are also essential to preparing for trial and for response to any motion for summary judgment that Defendant may bring on the merits.

7. Disputes have arisen between Plaintiff and Defendant concerning Defendant's response to written discovery and concerning two additional depositions which Plaintiff wishes to take but to which HP objects. The lead counsel for the parties have participated in a face to face meeting concerning these issues but the joint submission of these discovery disputes is not yet complete. These disputes include named witnesses Ann Livermore and Jennifer Rickard

whom HP refuses to produce for noticed depositions. The disputes also concern failure by HP to produce documents including documents concerning the corporate organization, e mail sent and received by Mr. Siegel during his employment, e mail sent between others concerning Mr. Siegel or his employment, customer contracts that would support the assertion that the customers contracted and services were provided in an integrated way without regard to subsidiary entities, financial documents concerning HP and its subsidiary, documents and policies concerning global ethics enforcement and other critical matters relating to both coverage of the ADA and the merits of this case.

8. Although the Plaintiff has entered into the stipulation, the limitation on the kind of discovery which can be conducted during the extended discovery was demanded by Defendant. Plaintiff does not agree to any such limitation and requests that the court extend the fact discovery and related deadlines for all purposes for the reasons set forth herein.

9. The harm or prejudice that would result if the Court does not grant the requested extension is that Plaintiff will be disadvantaged in responding to any Motion for Summary Judgment on the merits and will not be able to seek the additional discovery needed to respond at trial to the merits and to the issues concerning coverage of the ADA. Plaintiff believes the pending Motion for Summary Judgment concerning coverage of the ADA will be denied and that these issues will remain for trial. Further, the Defendant will not be able to take the deposition of Plaintiff before filing its motion for summary judgment on the merits. Both parties and the Court will potentially be disadvantaged as summary judgment is not proper until discovery is complete and can be considered by the Court and because the matter will not be ready for trial in light of the current state of discovery.

10. To date none of the deadlines set by the Case Management Order in this matter have been continued.

11. The discovery cutoff in this matter is currently set for August 13, 2013 and the current last day for hearing dispositive motions is October 8, 2013. The current deadline for submitting discovery disputes to the court is seven days after August 13, 2013 or August 20, 2013.

12. As the undersigned, I hereby declare under penalty of perjury that the content of the forgoing 11 numbered paragraphs is true and correct to the best of my knowledge.

Dated this 12th _day of August, 2013

/s/
Karen E. Ford Esq.
Attorney for Plaintiff

DB2/ 24295517.1

Declaration of Counsel re: Stipulation to Extend Case Management Deadlines - 5