1   MORGAN, LEWIS & BOCKIUS LLP
    MELINDA S. RIECHERT (SBN 65504)
2   mriechert@morganlewis.com
    2 Palo Alto Square
3   3000 El Camino Real, Suite 700
    Palo Alto, CA  94306
4   Tel:    650.843.4000
    Fax:    650.843.4001
5
    MORGAN, LEWIS & BOCKIUS LLP
6   ADELMISE ROSEMÉ WARNER (SBN 215385)
    adelmise.warner@morganlewis.com
7   One Market, Spear Street Tower
    San Francisco, CA 94105-1126
8   Tel:    415-442-1000
    Fax:    415-442-1001
9
    Attorneys for Defendant
10  HEWLETT-PACKARD COMPANY

11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14

15  PETER SIEGEL,                          Case No. CV 12-03787 HRL

16              Plaintiff,                 **DEFENDANT'S OPPOSITION TO
                                           PLAINTIFF PETER SIEGEL'S
17       vs.                               MOTION TO STRIKE EVIDENCE
                                           SUBMITTED IN SUPPORT OF
18  HEWLETT-PACKARD COMPANY,               MOTION FOR SUMMARY
                                           JUDGMENT FILED BY DEFENDANT
19              Defendant.                 HEWLETT PACKARD**

20                                         Date:      August 27, 2013
                                           Time:      10:00 A.M.
21                                         Courtroom: 2
                                           Judge:     Hon. Howard R. Lloyd
22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
   LOS ANGELES
                                           DEF.'S OPP. TO PLTFF'S MTN TO STRIKE
DB2/ 24295587.1                            DEF'S EVIDENCE ISO MSJ
                                           (CASE NO. CV 12-03787 HRL)

I.      **INTRODUCTION AND SUMMARY OF ARGUMENT**

On August 8, 2013 – two days after the deadline for filing his opposition to the motion for summary judgment – Plaintiff Peter Siegel ("Plaintiff") filed a Motion To Strike Evidence Submitted In Support Of Motion For Summary Judgment Filed By Defendant Hewlett-Packard Company ("Defendant" or "HP") ("Motion to Strike").  The Court should deny Plaintiff's Motion to Strike because (1) Plaintiff fails to comply with the Local Rules 7-1 and 7-3, as the Motion to Strike is nothing more than evidentiary objections, disguised as a motion to strike, (2) Plaintiff fails to comply with Rule 56(d) of the Federal Rules of Civil Procedure ("FRCP"), to the extent that Plaintiff is seeking relief on the ground of inadequate discovery, and (3) Defendant has fully complied with Rule 56(c) and, therefore, Plaintiff's Motion is baseless.

II.     **MEMORANDUM OF POINTS AND AUTHORITIES**

A.      **The Motion to Strike Should Be Denied Because Plaintiff Failed to Comply with the Applicable Local Rules.**

1.      **Plaintiff Failed to Comply With Local Rule 7-1.**

Local Rule 7-1 provides: "Any written request to the Court for an order must be presented by one of the following means: (1) Duly noticed motion pursuant to Civil L.R. 7-2. . . ."  L.R. 7-1(a)(1).

Local Rule 7-2 provides, in pertinent part, that:

(a)  Time: Except as otherwise ordered or permitted by the assigned Judge or these Local Rules, and except for motions made during the course of a trial or hearing, all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion."

L.R. 7-2(a).

Here, Plaintiff filed his Motion to Strike on August 8, 2013, presumably to be heard on August 27, 2013.  Plaintiff's Motion fails to comply with Local Rules 7-1 and 7-2.  Therefore, the Court should deny the Motion.[1]

---

[1] Even if Plaintiff were allowed to bring this Motion along with his opposition to Defendant's Summary Judgment Motion, the Motion to Strike is untimely because it was filed on August 8, 2013.  *See* ECF No. 56.  Pursuant to the Court's July 16, 2013 Order (ECF No. 50), Plaintiff was required to file his opposition on August 6, 2013.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 24295587.1

1

DEF.'S OPP. TO PLTFF'S MTN TO STRIKE
DEF'S EVIDENCE ISO MSJ
(CASE NO. CV 12-03787 HRL)

1

2         **2.**        **Plaintiff Also Failed to Comply with Local Rule 7-3.**

3       Local Rule 7-3 provides, in pertinent part:

4         (a) **Opposition.** Any opposition to a motion may include a proposed order, affidavits or declarations, as well as a brief or memorandum under Civil L.R.

5         7-4. Any evidentiary and procedural objections to the motion must be contained within the brief or memorandum.

6

7 L.R. 7-3(a).

8       Although couched in the form of a Motion to Strike, Plaintiff's motion is nothing more

9 than evidentiary objections to the evidence submitted by Defendant in support of the motion for

10 summary judgment. Specifically, Plaintiff moves to strike the declarations of Peter Sales, Peter

11 Wildish, Marion Johnson, and Yvonne Ben Fredj, along with the exhibits attached to those

12 declarations, on various evidentiary grounds, including: (1) lacks foundation, (2) lack of personal

13 knowledge, and (3) incomplete documents attached as exhibits. These bases are evidentiary

14 objections. Local Rule 7-3(a) clearly requires that evidentiary objections must be included within

15 the opposition brief. *Id.* Plaintiff's motion is an improper attempt to evade these strict

16 requirements for making objections to evidence, as set forth in Local Rule 7-3. Therefore, the

17 Court should deny the Motion to Strike for this additional basis.

      **B.**      **Plaintiff Failed to Comply with FRCP 56(d).**

18

19       In his Motion to Strike, Plaintiff argues that the Court should strike the Declaration of

20 Marion Johnson, with attached exhibits, on the ground that Defendant failed to provide him

21 discovery relating to the corporate structure of Defendant. *See* Motion to Strike, at 3:12-17.

22 Plaintiff's argument is a feeble attempt to avoid the standards set forth in Rule 56(d) of the

23 Federal Rule of Civil Procedures.

24       FRCP 56(d) provides:

25       When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its

26       opposition, the court may:

27         (1) defer considering the motion or deny it;

28         (2) allow time to obtain affidavits or declarations or to take discovery; or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24295587.1

2

(3) issue any other appropriate order.

Fed. R. Civ. Proc. 56(d).

To obtain the relief sought by Plaintiff here, Plaintiff must file the appropriate motion and satisfy the requirements of Rule 56(d).  *See Emplrs. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n. v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)).  *Burlington Northern Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).  Plaintiff has not satisfied these requirements.  Therefore, his request for relief to strike the Declaration of Marion Johnson on the ground that he has not received discovery should be denied.[2]

**C.     Even if the Motion to Strike Were Proper, the Court Should Still Deny The Motion Because Defendant Complied with FRCP 56(c) and (e).**

Pursuant to FRCP 56(c), a party may rely on affidavits and declarations to support a motion for summary judgment.  Fed. R. Civ. Proc. 56(c)(1)(A).  Declarations made under penalty of perjury have the same effect as affidavits.  *See* 28 U.S.C. § 1746.  Declarations used to support a motion for summary judgment must meet the following requirements: (1) be made on personal knowledge; (2) set forth facts that would be admissible in evidence and (3) show that the declarant is competent to testify to the matters stated.  Fed. R. Civ. Proc. 56(c)(4).  The declarations submitted by Defendant in support of its summary judgment motion meet those requirements.

**1.     Defendant Has Demonstrated That The Declarations Are Based on Personal Knowledge.**

First, Defendant has shown that each of these declarants has personal knowledge of the facts to which they declare based on the nature of their employment with Defendant and the information to which they are privy, as addressed in their declarations.  Plaintiff argues – in a conclusory fashion – that Peter Sales, Peter Wildish, and Yvonne Ben Fredj lack the requisite

---

[2] Even if Plaintiff were to file the appropriate Rule 56 motion, as discussed in Defendant's opposition to Plaintiff's Motion to Continue the Summary Judgment Motion filed on July 15, 2013 (ECF No. 47), Defendant has fully cooperated in responding to Plaintiff's discovery requests, including making its witnesses available for deposition.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24295587.1

3

DEF.'S OPP. TO PLTFF'S MTN TO STRIKE
DEF'S EVIDENCE ISO MSJ
(CASE NO. CV 12-03787 HRL)

personal knowledge as to the matters to which they declare. For example, with respect to Mr. Sales, Plaintiff claims that because he works for a different subsidiary of Defendant (HP Limited) he has no personal knowledge of the financial operation of HP Enterprise Services Limited UK ("HPES UK"). *See* Motion to Strike, at 2:9-20. Plaintiff does not present any fact to show that Mr. Sales lacks the requisite knowledge about the financial operation of HPES UK. In fact, the basis for Mr. Sales's personal knowledge is reflected in the first paragraph of his declaration, in which he states:

> 1. I am a Manager, Finance II for Hewlett-Packard Ltd ("HP Ltd."). I have held this position since July 2010. Prior to that, I held the position of Manager, Finance I for HP Ltd. since December 2003. HP Ltd is the main trading entity of the UK Hewlett-Packard group and it provides support functions to the majority of Hewlett-Packard's UK subsidiaries, including HP Enterprise Services UK Ltd. ("HPES UK Ltd.") (formerly known as Electronic Data Systems Limited ("EDS Ltd.")). In this position, I manage the payroll of employees of HPES UK Ltd. and have knowledge of the bank accounts from which payroll is paid, and other bank accounts used by HPES UK Ltd. I began managing the payroll of employees of HPES UK Ltd. in August 2008 when the company was known as EDS Ltd.

Declaration of Peter Sales, at ¶ 1.

Moreover, in Paragraph 2, Mr. Sales declares:

> After EDS Ltd. was acquired by Hewlett-Packard Company, it still maintained its own bank accounts, including an account out of which payroll was paid. HPES UK Ltd. continues to maintain its own bank accounts, including an account out of which payroll is paid. I know this because I review the company's bank statements in the normal course of business.

Declaration of Peter Sales, at ¶ 2.

Similarly, Plaintiff contends that Mr. Wildish, as an employee of HP Limited, has no personal knowledge of HPES UK's real estate holdings, and Defendant has failed to establish foundation for Mr. Wildish's knowledge. *See* Motion to Strike, at 2:21-3:2. However, Paragraph 1 of Mr. Wildish's declaration clearly shows that he has the requisite personal knowledge. Specifically, he declares as follows:

> 1. I am a Real Estate Services Specialist for Hewlett-Packard Limited ("HP Ltd"). I have held this position since May 2008. HP Ltd is the main trading entity of the UK Hewlett-Packard group and it provides support functions to the majority of Hewlett-Packard's UK subsidiaries, including HP Enterprise Services UK Ltd. ("HPES UK Ltd.") (formerly known as Electronic Data

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24295587.1

4

DEF.'S OPP. TO PLTFF'S MTN TO STRIKE
DEF'S EVIDENCE ISO MSJ
(CASE NO. CV 12-03787 HRL)

Systems Limited ("EDS Ltd.")).  Because of this position, I have personal knowledge regarding the real estate leased by HPES UK Ltd.

Declaration of Peter Wildish, at ¶ 1.

Moreover, Plaintiff asserts that Ms. Ben Fredj lacks the requisite personal knowledge to make the declaration because (1) she works in Human Resources, and not operations, and (2) she "was not involved in Siegel's HR situation until the last three months of his employment at HP." *See* Motion to Strike, at 3:23-4:3.  He claims that Ms. Ben Fredj would have no knowledge of the events and decisions upon which Plaintiff bases his claim here. *Id.*  Defendant has established the proper foundation for Ms. Ben Fredj's personal knowledge.  Specifically, Ms. Ben Fredj declares that she has worked as an HR Manager for HPES UK Ltd. since January 2009, and had worked as an HR Manager for EDS Ltd. prior to that.  She also states that, in her capacity as an HR Manager, she has knowledge of not only personnel policies that applied to HPES UK Ltd. (and EDS Ltd.) employees, but also about the reasonable accommodation process.  Ms. Ben Fredj's testimony in this regard is as follows:

> 1.  I hold the position of HR Manager within HP Enterprise Services UK Ltd. ("HPES UK Ltd.").  I have held this position since January 2009.  Before that I held the position of HR Manager for Electronic Data Systems Ltd. ("EDS Ltd.").   I was an HR Manager during Peter Siegel's employment with EDS Ltd. and HPES UK Ltd.  In my position, I had knowledge of the personnel policies that were applicable to the employees in the groups that I supported, and Peter Siegel was an employee of one of the groups that I supported as the HR Manager.  In my positions I had personal knowledge regarding which entity employed Mr. Siegel and the other employees in the groups that I supported.  In my position as HR Manager, I also had personal knowledge of how requests for accommodation were handled in the groups that I supported. I was personally involved in responding to Mr. Siegel's accommodation requests.

Declaration of Yvonne Ben Fredj, at ¶ 1.

As reflected above, and in the declarations of Mr. Sales, Mr. Wildish, and Ms. Ben Fredj, Defendant has established the requisite personal knowledge regarding the matters set forth in their declarations, consistent with FRCP 56(c).  Other than Plaintiff's self-serving assertions and conclusions, Plaintiff presents no facts to support his conclusory assertions that the declarants lack personal knowledge.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24295587.1

5

DEF.'S OPP. TO PLTFF'S MTN TO STRIKE
DEF'S EVIDENCE ISO MSJ
(CASE NO. CV 12-03787 HRL)

2.     **Plaintiff Has Not Shown That The Facts Contained in the Declarations Are Inadmissible.**

Plaintiff argues, without supporting legal or factual authorities, that the declarations of Mr. Sales, Mr. Wildish, Ms. Johnson, and Ms. Ben Fredj are inadmissible.  Specifically, he objects to the exhibits, which he claims are incomplete because they are portions of larger sets of documents.  For purposes of FRCP 56(c), admissibility of evidence is determined based on the Federal Rules of Evidence.  Admissible evidence is determined – not based on the form of the evidence – but on the content.  *See Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).  The exhibits attached to the declarations are properly authenticated by the declarants.  In addition, they reflect business records of Defendant.  Plaintiff has not shown how the exhibits are inadmissible.

3.     **Plaintiff Has Not Shown that the Declarants Are Not Competent to Testify to the Matters Stated in the Declarations.**

The third requirement for relying on declarations in support of a summary judgment motion is that Defendant must show that the declarants are competent to testify to the matters stated in the declaration.  Fed. R. Civ. Proc. 56(c)(4).  Defendant has met this requirement.  Each of the declarants identified in Plaintiff's Motion to Strike states that: "If called upon as a witness in this action, I could and would testify competently hereto."  Moreover, the matters to which they declare are matters that are known to them personally – by virtue of their roles within Defendant's corporate organization.  Therefore, their declarations are admissible.  *See, e.g.*, *Barthelemy v. Air Line Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990).  Plaintiff has not presented any evidence to dispute this statement or to otherwise show that the declarants are not competent to testify.

Because Defendant has satisfied the requirements of FRCP 56(c), Plaintiff's Motion to Strike – to the extent that the Court entertains such motion – is without merit and must be denied.

/ / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24295587.1

6

DEF.'S OPP. TO PLTFF'S MTN TO STRIKE
DEF'S EVIDENCE ISO MSJ
(CASE NO. CV 12-03787 HRL)

D.    <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's

Motion to Strike Evidence Submitted in Support of Defendant's Motion for Summary Judgment.

Dated: August 13, 2013                          MORGAN, LEWIS & BOCKIUS LLP
                                                MELINDA S. RIECHERT
                                                ADELMISE ROSEMÉ WARNER


                                        By   _/s/ Adelmise Rosemé Warner_
                                                MELINDA S. RIECHERT
                                                ADELMISE ROSEMÉ WARNER
                                                Attorneys for Defendant
                                                HEWLETT-PACKARD COMPANY

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24295587.1

7

DEF.'S OPP. TO PLTFF'S MTN TO STRIKE
DEF'S EVIDENCE ISO MSJ
(CASE NO. CV 12-03787 HRL)