Karen E. Ford Esq.
SW Ocean Ave & Mission, Suite 208
P.O. Box 287
Carmel-by-the-Sea, California 93921-0287
831-250-6433
Fax 831-250-6844
karen@fordslaw.com
SBN 88358
Attorney for Plaintiff Peter Siegel

# United States District Court
# Northern District of California

| | |
|---|---|
| Peter Siegel,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Hewlett-Packard Company,<br><br>　　　　Defendant | Case No: 5:12-cv-03787 HRL_____<br><br>**MOTION AND Proposed ORDER TO FILE SUR REPLY IN OPPOSITION TO MOTION FOR SUMMARY JUDGEMENT** |

## MOTION

Plaintiff Peter Siegel hereby moves the Court for an administrative order pursuant to Rule 7(b) of the Federal Rules of Civil Procedure and Rule 7-11 of the Local Rules of this Court to consider the declaration of Karen Ford in sur reply in Opposition to Defendant HP's Motion for Summary Judgment filed on or about August 26, 2013. This motion is based on the following:

1. Plaintiff's Opposition to the Motion for Summary Judgment was prepared under time stress given the status of discovery and the fact that the responses to the Plaintiff's Requests for Admission were only received a day before the Opposition was due to be filed. In addition communications between Plaintiff and his counsel were complicated and delayed by the fact that he is in the UK and the time difference between California and the UK.

2. HP filed a limited Motion for Summary Judgment and reserved much of its argument for reply. Specifically the Reply included representations concerning the discovery to date and whether it is sufficient. The Sur Reply Declaration is almost all devoted to the issue of the discovery to date and why additional discovery is needed.

3. Plaintiff's counsel has a small firm and had no support staff during this time frame. Accordingly, Counsel had to individually perform all the work necessary to finalize and file the complex Opposition to the Motion for Summary Judgment with its hundreds of pages of exhibits. This was a difficult task.

4. The supplemental facts are critical evidence concerning the issue of the adequacy of discovery presented by HP's Reply in support of Motion for Summary Judgment.

5. The supplemental facts presented are largely no subject to dispute as they involve the written communications between counsel. Most of the facts and documents have v been presented to the court in filings in connection with earlier motions.

6. Attached as Exhibit 2 to the sur reply is a letter from the initial attorney for HP. I believe it contains an admission that Mr. Siegel was employed by HP or at least that the decisions concerning his employment were made by HP. I had forgotten this letter in preparing the initial response to the Motion for Summary Judgment. However, I ran across it while researching the discovery history and it is an essential piece of evidence this court must consider.

7. The Defendant will not be unduly disadvantaged by this supplementation of the record because the facts set out are well known to Defendant and have been the subject of numerous letters, e mails and telephone conferences.

8. Counsel for Plaintiff requested that Counsel for HP stipulate to the filing of the sur reply as described herein. However, no response has been provided as of the time of this filing. Due to the time factors involved with the motion process it was necessary to file today.

Respectfully submitted,

Dated this 26th _day of August, 2013

/s/
Karen E. Ford Esq.
Attorney for Plaintiff

**[PROPOSED] ORDER**

WHEREFOR, the Court having considered Plaintiff's Motion for the court to consider his sur reply and good cause having been shown therefor,

IT IS HEREBY ORDERED THAT Plaintiff's Motion is granted.

Dated:_____

**HOWARD R. LLOYD**
**United States Magistrate Judge**